UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

VICTOR ROBERTS, #313291,

        Petitioner,

v.                          CIVIL ACTION NO. 2:05cv331

GENE M. JOHNSON,[1] Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

On April 29, 2002, Petitioner, Victor Roberts ("Roberts"), was found guilty in a jury trial,[2] in the Circuit Court for the County

---

[1] Petitioner incorrectly identified Respondent's title as "Derector [sic] of V.A. [sic] Department of Corrections." Respondent's correct title is: "Director of Virginia Department of Corrections." Accordingly, the Court DIRECTS the clerk to change the style of the case to Victor Roberts v. Gene M. Johnson, Director of Virginia Department of Corrections.

[2] Roberts was represented at trial by court-appointed counsel, Keith A. Jones, Esq. ("Jones").

of Chesterfield, Virginia ("Circuit Court"), of one (1) count of robbery.[3]  Roberts was sentenced to serve ten (10) years in prison (to run consecutively with any other sentence), as reflected in the Court's Sentencing Order entered on August 5, 2002.[4]

On August 19, 2002, Roberts noted his appeal[5] to the Court of Appeals of Virginia ("Court of Appeals"), which denied[6] the appeal on the merits on July 23, 2003.  Record No. 2150-02-2.  On August 22, 2003, Roberts noted his appeal[7] to the Supreme Court of

---

[3]Roberts was also charged with, but found not guilty of, one (1) count of use of a firearm in the commission of a robbery, and one (1) count of possession of a firearm after having been convicted of a felony.

[4]The sentencing hearing took place on July 9, 2002.

[5]Jones represented Roberts for this appeal.  This appeal alleged essentially the following claims:
    (a) Even if trial counsel failed to preserve Roberts' right to appeal the sufficiency of the evidence for the robbery charge, the petition should be heard in the interest of justice or good cause.
    (b) The jury erred in convicting Roberts of robbery because there was insufficient evidence to prove beyond a reasonable doubt that Roberts committed the crime.

[6]The Court held that Roberts' sufficiency-of-the-evidence claim was not preserved for appeal at trial, and was, therefore, barred from review by Va. Sup. Ct. R. 5A:18.  In order to preserve the issue for appeal, Roberts either needed to make a motion to strike at the conclusion of all the evidence or a motion to set aside the verdict.
    There is no explanation in the record for the over seven (7) month delay in the Court of Appeals' rendering of a decision.  The record shows that Roberts's brief was filed by that court on November 18, 2002, and the opposition brief was filed on December 10, 2002.

[7]Jones represented Roberts for this appeal.  This appeal alleged essentially the following claims:
    (a) The Court of Appeals erred in not finding that Roberts had preserved his right of appeal on the sufficiency of the evidence

Virginia.   On December 29, 2003, the Supreme Court of Virginia summarily refused the petition for appeal.   Record No. 032031. Roberts did not file an appeal with the United States Supreme Court.

On January 22, 2004, Roberts filed a <u>pro se</u> petition for a writ of habeas corpus in the Circuit Court.[8]   On July 1, 2004, the court denied the writ on the merits.[9]   Record No.  CL-04HC-250.   On

---

and further erred by not finding an ends-of-justice exception.
(b) The jury erred in convicting Roberts of robbery because the Commonwealth failed to prove beyond a reasonable doubt that Roberts was the person who committed the robbery.

[8]This petition alleged essentially the following claims:
(a) Counsel was ineffective for not arranging for a court reporter at Roberts' preliminary hearing, in order to preserve the testimony of the robbery victim;
(b) Counsel was ineffective for not introducing exculpatory evidence on Roberts' behalf, including an unidentified partial fingerprint found on the exit door; the clothing Roberts was wearing when he was arrested; and a tape of Roberts' police interview;
(c) Counsel was ineffective for not objecting to the introduction of Roberts' prior felony convictions into evidence;
(d) Counsel was ineffective for not objecting to testimony regarding Roberts' statement, admitting other robberies in the Richmond area, to a police detective, prior to Roberts' receiving his rights advisement as required by <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966);
(e) Counsel was ineffective for not preserving the issue of insufficient evidence for appeal; and
(f) The evidence was insufficient to support Roberts' conviction.

[9]The court essentially held:
(a) Counsel was not ineffective regarding the failure to request a court reporter at the preliminary hearing because Roberts had no right to have a court reporter provided at public expense, and it is speculative whether the court would have granted such a motion even if it had been made.
(b) Counsel was not ineffective for not introducing additional evidence because the fingerprint was not exculpatory;

3

July 23, 2004, Roberts noted his appeal[10] to the Supreme Court of Virginia.  On January 19, 2005, that court dismissed the appeal for failure to assign error as required by Rule 5:17(c).  Record No. 042450.  On February 3, 2005, Roberts filed a petition[11] for

---

Roberts could not introduce his prior out-of-court statement on his own behalf; and there was a risk that the witness would identify Roberts' clothing as that of the robber.

(c) Counsel was not ineffective for not objecting to the introduction of Roberts' prior criminal record because conviction for a felony was an essential element of one of the other charged crimes, see supra, note 3.

(d) Counsel was not ineffective for not objecting to the introduction of Roberts' admission of robbing hotels in the Richmond area because it was made after his taped interview, and, therefore, after he had been advised of his rights.

(e) Counsel was not ineffective for failing to make a motion to set aside the verdict because there was a basis for counsel to believe that the evidence was legally sufficient.  Additionally, this motion would not have preserved the issue for appeal.

(f) The claim that the evidence was insufficient to support the verdict was procedurally defaulted, in accordance with Slayton v. Parrigan, 215 Va. 27 (1974), cert. denied, 419 U.S. 1108 (1975), because it was dismissed by the Court of Appeals pursuant to Va. Sup. Ct. R. 5A:18.

[10]On September 29, 2004, Roberts filed a hand-written brief that asserted essentially the same claims presented to the Circuit Court as claims (a), (b), (d), and (e), see supra, note 8.  Roberts also included two (2) additional claims:

(1) Counsel was ineffective for not objecting to the victim's in-court identification.

(2) Counsel was ineffective for not preparing Roberts for direct and cross examination.

In addition to that brief, Roberts filed a Motion for Extension of Time, which the court granted, allowing him until November 1, 2004, to file a petition for appeal.

On October 21, 2004, Roberts filed a typed brief.  This brief asserted essentially the same six (6) claims as presented in the hand-written brief filed on September 29, 2004.

[11]This petition was accompanied by a brief that asserted essentially the same six (6) claims presented to the Supreme Court of Virginia, see supra, note 10, in his appellate brief.  On February 7, 2005, Roberts filed a Motion for Extension of Time,

rehearing with the Supreme Court of Virginia, which the court denied on March 16, 2005.

On May 20, 2005, while in the custody of the Virginia Department of Corrections at the Augusta Correctional Center, Roberts executed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Federal Petition").[12] The Court conditionally filed this petition on June 3, 2005. On July 25, 2005, the Court received Roberts' $5.00 filing fee, and on July 27, 2005, the Court filed his petition. On September 12, 2005, Respondent filed his Rule 5 Answer[13] and Motion to Dismiss

_____

which the Supreme Court of Virginia denied in conjunction with its March 16, 2005, denial of the rehearing petition.

[12]This petition was accompanied by a request to proceed in forma pauperis. The petition was postmarked May 23, 2005, was received by the United States District Court for the Eastern District of Virginia, Richmond, on May 26, 2005, and was conditionally filed with this Court on June 3, 2005. On June 7, 2005, this Court requested Roberts' prisoner account report. This Court received that report on June 21, 2005. On June 23, 2005, the Court entered an Order denying Roberts' request to proceed in forma pauperis, and ordering him to remit the $5.00 filing fee within thirty (30) days of the Order. The Court received the filing fee on July 25, 2005. The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004. As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions. In this case, as there is no evidence in the record to the contrary, the Court will assume that Roberts delivered his federal habeas petition for mailing on the date he signed it, May 20, 2005. Further, the Court considers Roberts' petition as filed, for statute of limitations purposes, on that date.

[13]On August 29, 2005, Respondent filed a Motion for Enlargement of Time, requesting the Court enlarge the time for Respondent's answer by fifteen (15) days. On September 1, 2005, this Court

accompanied by a supporting memorandum and a Notice of Motion Pursuant to Local Rule 7(J).[14]  On September 23, 2005, Roberts filed Petitioner's Response to Respondent's Motion to Dismiss accompanied by a supporting memorandum.[15]

## B. Grounds Alleged

Roberts now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follows:

(a)  Counsel was ineffective for not arranging for a court reporter at Roberts' preliminary hearing, in order to preserve the testimony of the robbery victim;

(b)  Counsel was ineffective for not introducing exculpatory evidence on Roberts' behalf, including an unidentified partial fingerprint found on the exit door; the clothing Roberts was wearing when he was arrested; and a tape of Roberts' police interview;

(c)  Counsel was ineffective for not objecting to testimony regarding Roberts' statement, admitting other robberies in the Richmond area, to a police

---

granted that motion, extending Respondent's deadline up to and including September 15, 2005.

[14]The Court notes that Respondent's Notice of Motion erroneously referred to the Local Rule 7(J), instead of Local Civil Rule 7(K), but the Notice complied with the requirements of Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975).  This included advising Roberts that he had twenty (20) days in which to file a response to the Motion to Dismiss.

[15]Roberts' response was received by the Court on September 28, 2005.  The Court notes that in these pleadings, Roberts appeared to move for an evidentiary hearing, Petitioner's Response to Respondent's Motion to Dismiss, at 1, which the Court denies, infra.

detective, prior to Roberts' receiving his rights
advisement as required by <u>Miranda v. Arizona</u>, 384
U.S. 436 (1966);

(d)   Counsel was ineffective for not preserving the
      issue of insufficient evidence for appeal; and

(e)   The evidence was insufficient to support Roberts'
      conviction.

## II. <u>PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING</u>

As a preliminary matter, the Court considers Roberts' request
for an evidentiary hearing.   <u>See</u> Petitioner's Response to
Respondent's Motion to Dismiss, at 1.   The Court has determined
that an evidentiary hearing is not required, as purely legal issues
are presented and the record before the Court adequately resolves
the legal issues raised.   <u>See</u> Rule 8 of the Rules Governing Section
2254 Cases.   Accordingly, the Court DENIES Roberts' motion for an
evidentiary hearing.

## III. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

The Court FINDS that claim (e) is procedurally defaulted
before this Court.   The Court further FINDS that Roberts' remaining
claims are exhausted, requiring review on the merits.[16]

---

[16]The Court notes that Respondent has not addressed whether
Roberts' petition was timely filed.   Roberts' conviction did not
become final until March 28, 2004, ninety (90) days after the
denial of his appeal on December 29, 2003, by the Supreme Court of
Virginia, and the date upon which the period for seeking direct
review of his conviction by the United States Supreme Court
expired.   <u>See</u> U.S. Sup. Ct. R. 13(1); <u>Harris v. Hutchinson</u>, 209
F.3d 325, 328 n.1 (4th Cir. 2000).   Accordingly, Roberts had a one
(1) year statute of limitations from that date, or until March 28,
2005, in which to file his appeal with this Court.   28 U.S.C. §
2244(d)(1).   Because Roberts' state habeas petition was properly

### A. <u>Exhaustion</u>

In order for this Court to address the merits of this habeas petition, all of Roberts' claims must be exhausted. <u>See</u> 28 U.S.C. § 2264(a); 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." <u>Pruett v. Thompson</u>, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), <u>aff'd</u> 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844 (1999) (citing <u>Brown v. Allen</u>, 344 U.S. 443, 447 (1953)); <u>see also</u> <u>Skipper v. French</u>, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state

---

filed with the Circuit Court, he was eligible for tolling from March 29, 2004 (the date the statute of limitations began to run because the petition was filed on January 22, 2004, which was prior to this date) to July 1, 2004, or ninety-four (94) days. Accounting for this tolling, the March 28, 2005 deadline was extended to June 30, 2005. Because the instant petition was considered as filed on May 20, 2005, for statute of limitations purposes, this tolling was sufficient to render the instant petition as timely filed in this Court. Roberts did not properly file his appeal of his state habeas petition, but appears to have properly filed the subsequent rehearing petition. The Court notes that tolling is only allowed for "properly" filed pleadings, <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000); because the tolling associated with Roberts' Circuit Court filing was sufficient to render the instant petition as timely filed, the Court declines to determine if any of Roberts' subsequent filings supported additional tolling.

court."  <u>Matthews v. Evatt</u>, 105 F.3d 907, 910-11 (4th Cir. 1997)
(internal quotations omitted).  "[T]he exhaustion requirement for
claims not fairly presented to the state's highest court is
technically met when . . . a state procedural rule would bar
consideration if the claim was later presented to the state court,"
<u>Matthews</u>, 105 F.3d at 911 (citations omitted); such claims are
treated as procedurally defaulted and barred from this Court's
review.  <u>Clagett v. Angelone</u>, 209 F.3d 370, 378-79 (4th Cir. 2000).

Respondent has asserted that Roberts has failed to exhaust his
claims because they were procedurally barred from review by the
Supreme Court of Virginia:  claims (a), (b), (c), and (d) because
Roberts failed to assign error in his appeal of the Circuit Court's
dismissal of Roberts' state habeas petition, and claim (e) because
it "must be presumed" that the Supreme Court of Virginia dismissed
this claim when it was presented on direct appeal "for the same
[procedural] reason as did the Court of Appeals."  Brief in Support
of Motion to Dismiss and Rule 5 Answer, at 5 ("Respondent's Brief")
(citing <u>Ylst v. Nunnemaker</u>, 501 U.S. 797 (1991)).  The Court of
Appeals dismissed claim (e) under Va. Sup. Ct. R. 5A:18, because
the issue was "not . . . preserved by contemporaneous objection at
trial."  <u>Id.</u>

## 1.  Claims (a), (b), (c), and (d)

The Court first addresses Respondent's assertion that the
Supreme Court of Virginia's dismissal of Roberts' appeal for

procedural reasons bars this Court's review.  Respondent correctly cites <u>Mueller v. Angelone</u>, 181 F.3d 557, 582-85 (4th Cir. 1999), for the proposition that Va. Sup. Ct. R. 5:17, the rule by which Roberts' state habeas appeal was dismissed, has been held to "constitute[] an 'independent and adequate state law ground[]' for dismissal" of a federal habeas petition containing the same claims.  Respondent's Brief, at 4-5.  However, the inquiry does not end there because after that dismissal, Roberts filed a petition for rehearing to the Supreme Court of Virginia restating his claims.  <u>See</u> Petitioner's Brief in Response to Motion to Dismiss, at 1 ("Petitioner's Brief").  The Supreme Court of Virginia summarily denied this petition, thereby providing no insight as to the merits of the petition, but also not indicating any procedural issues with the filing of that petition.  <u>Roberts v. Director</u>, No. 042450 (Va. Mar. 16, 2005).

In federal habeas law, "[28 U.S.C. §] 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims."  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844 (1991). The United States Supreme Court has "not interpreted the exhaustion doctrine to require prisoners to file repetitive petitions," or to "invoke extraordinary remedies when those remedies are alternatives to the standard review process and where the state courts have not provided relief through those remedies in the past," <u>id.</u>; "the exhaustion doctrine requires . . . state prisoners . . . [to] give

10

the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. "[F]ederal courts [are, in fact, directed] to consider whether a habeas petitioner has 'the right under the law of the State to raise, by any available procedure, the question presented.'" Id. at 848 (quoting 28 U.S.C. § 2254(c)) (emphasis in original).   Although Roberts did not properly invoke Virginia's established appellate review process because he failed to comply with procedural requirements, this Court finds that Roberts was able to fairly present his claims to the Supreme Court of Virginia through his petition for rehearing. Consequently, his claims (a), (b), (c), and (d) are exhausted and this Court will review them on the merits.

## 2.  Claim (e)

The Court next addresses claim (e).   Roberts presented claim (e) to the Supreme Court of Virginia[17] through the direct appeal process.   If the appeal was fairly presented to the Supreme Court of Virginia, it would be sufficient for Roberts to have exhausted the claim, warranting this Court's review of the claim on the merits.   See O'Sullivan, 526 U.S. at 844.

---

[17]The Court notes that Roberts included claim (e) in his state habeas petition filed with the Circuit Court, but did not include the claim in either of his subsequent filings (habeas appeal and petition for rehearing) with the Supreme Court of Virginia.   Thus, there are no grounds for this Court to consider whether the claim was "fairly presented" to the Supreme Court of Virginia through the state habeas process.

Respondent asserts that claim (e) is procedurally barred from this Court's review because the Court of Appeals of Virginia dismissed the claim on direct appeal under its contemporaneous-objection rule, Va. Sup. Ct. R. 5A:18. Respondent's Brief, at 5. This Court has held that Va. Sup. Ct. R. 5A:18 is an adequate and independent state-law procedural ground for dismissal of a claim raised in federal court. Byrd v. Johnson, No. 2:05cv603, 2006 U.S. Dist. LEXIS 36703, at *9 (E.D. Va. May 19, 2006). Respondent then points to Ylst as justification for this Court to assume the Supreme Court of Virginia, also on direct appeal, essentially adopted the contemporaneous-objection rule, even though the Supreme Court of Virginia's summary dismissal did not reference such a procedural bar. Respondent's Brief, at 5. In Ylst, the United States Supreme Court set out a presumption for federal courts to apply in considering such a case: "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim [are presumed to] rest upon the same ground."[18]  Ylst, 501

_____

[18]The Court notes that Respondent does not cite Ylst in support of his argument that claims (a) through (d) were procedurally defaulted because the Court should have "look[ed] through" the Supreme Court of Virginia's summary dismissal of the rehearing petition to the justification in that court's dismissal of Roberts' state habeas appeal. See Respondent's Brief, at 4-5. The Court further notes that such an assertion would appear to be misplaced. Ylst focuses on whether the federal court should consider a higher court as adopting a "procedural default" asserted by a lower court as justification for a dismissal. Ylst, 501 U.S. at 803. In a later opinion, Artuz, the United States Supreme Court clarified

U.S. at 803.  The Court also specified that "where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."  Id. Consequently, this Court agrees with Respondent that the Supreme Court of Virginia, in its dismissal of Roberts' direct appeal, essentially adopted the Court of Appeals of Virginia's determination that the claim was procedurally barred.

Because Roberts presented claim (e) to the Supreme Court of Virginia, this claim is exhausted.  See Pruett, 771 F. Supp. at 1436-37.  However, because the claim was found to be procedurally defaulted under state law, it is procedurally barred from this court's review and must be dismissed.  Id. at 1437.

Based on the foregoing, the Court FINDS that all of Roberts' claims are exhausted, but the Court further FINDS that claim (e) was procedurally defaulted under Virginia law and is therefore barred from this Court's review.  Thus, this Court will address

---

that there is a difference between an "application" and a "claim [contained in an application]," and consequently, "[o]nly individual claims, and not the application containing those claims, can be procedurally defaulted under state law." Artuz, 531 U.S. at 9.  Insofar as the Supreme Court of Virginia's disposition of the appeal was a dismissal of the application (not the individual claims), because it was not formatted in accordance with the court's rules, that court cannot be construed as having adopted the reasoning supporting that dismissal in its later denial of the rehearing petition.  As a result, this Court views the Supreme Court of Virginia's summary dismissal of the rehearing petition as an adjudication on the merits.  See Bell v. Jarvis, 236 F.3d 149, 158 (4th Cir. 2000)

only claims (a) through (d) on the merits.

## B. <u>Limited Exceptions to Procedural Default</u>

Although Roberts' claim (e) is procedurally defaulted, he may still obtain review of this claim if he can establish either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he was convicted. <u>Clagett</u>, 209 F.3d at 379 (citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991)); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. <u>Strickler v. Greene</u>, 527 U.S. 263, 283 n.24 (1999) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

<u>Wright v. Angelone</u>, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting <u>McCleskey v. Zant</u>, 499 U.S. 467, 493-94 (1991)).  An absence of due diligence by the petitioner will defeat an assertion of cause.  <u>See</u> <u>Hoke v. Netherland</u>, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

As cause to overcome procedural default of claim (e), Roberts

has explicitly claimed ineffective assistance of counsel for not preserving for appeal the issue of whether the evidence was insufficient to support the verdict.   Federal Petition, at 15 (claim (d)).   Roberts restated this cause in his response to Respondent's motion to dismiss. Petitioner's Brief, at 1. Because this Court must apply the same standard of review for ineffective assistance of counsel claims raised as "cause-for-default" as for those raised directly in a habeas petition, Orbe v. True, 233 F. Supp. 2d 749, 759-60 (E.D. Va. 2002), the Court's dismissal of claim (d) on the merits, infra, is dispositive of the issue of cause to consider claim (e) on the merits.   Consequently, Roberts has failed to justify an exception to procedural default for claim (e) based on cause.

Roberts has also alleged he is entitled to the "miscarriage of justice" exception because he is "actually innoncent[sic]." Petitioner's Brief, at 5.   It is the petitioner's burden to establish the exception by providing evidence that but for the asserted constitutional errors, no reasonable juror would have found the petitioner guilty.   See Hazel v. United States, 303 F. Supp. 2d 753, 761 (E.D. Va. 2004) (citing the standard established in Jackson v. Virginia, 443 U.S. 307, 401-02, 429 (1979) (White, J., concurring)).   Roberts' purported evidence for this claim is essentially a list of evidentiary items that counsel was either ineffective for failing to introduce, or ineffective for failing to

oppose. Federal Petition, at 17-19. Because these assertions were separately raised as claims (a) through (d), which the Court dismisses on the merits, <u>infra</u>, Roberts has failed to meet his burden for this Court to separately address claim (e) on the merits based on the miscarriage of justice exception.

Accordingly, the Court FINDS that claim (e) raised in the instant petition is procedurally barred before this Court, and recommends that claim (e) be DENIED.

### C. **Merits**

The Court now considers claims (a) through (d) on the merits. A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." <u>Williams v. Taylor</u>, 529 U.S. 362, 386 (2000). <u>See also</u> <u>Bell</u>, 236 F.3d at 157 (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential

16

standard of review set forth in § 2254(d), as interpreted by the Supreme Court in <u>Williams</u>[].") Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." <u>Williams</u>, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." <u>Id.</u> at 411. In deference to the state court's decision, this Court may not grant relief unless it determines that decision on the merits was "legally or factually unreasonable." <u>See</u> <u>Bell</u>, 236 F.3d at 163 (quoting <u>Aycox v. Lytle</u>, 196 F.3d 1174, 1178 (10th Cir. 1999)).

The "look-through" doctrine cited above for procedural default, is equally applicable to consideration of claims on the merits. <u>See</u> <u>Ylst</u>, 501 U.S. at 803. Because the "last reasoned state-court judgment" for the claims Roberts presented in the instant petition as (a) through (d) was the Circuit Court's consideration of the state habeas petition, this Court must apply the 28 U.S.C. § 2254 deferential standard of review to that decision.

### 1. Ineffective Assistance of Counsel Standard

Each of Roberts' claims that the Court has found to survive

17

procedural default assert ineffective assistance of counsel.  The
controlling standard for such claims, which Roberts has cited in
support of claims (a) through (d), is set forth in Strickland v.
Washington, 466 U.S. 668 (1984).  As such, to grant Roberts relief
on his claims, this Court must find that the state court's
dismissal of such claims involved an unreasonable application of
Strickland.  Under Strickland, the state court was required to
subject Roberts' claim to a two-prong test in which the petitioner
must prove both ineffective assistance (incompetence) and
prejudice.  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).  To
grant relief, the state court had to find: (1) Roberts' lawyer's
performance fell below the range of competence demanded of lawyers
in criminal cases, Strickland, 466 U.S. at 690; and (2) there is a
reasonable probability that, but for the deficient performance by
counsel, the ultimate result would have been different, id. at 694.

When assessing counsel's performance under Strickland's first
prong, the Supreme Court has stressed that the constitutional
guarantee of effective assistance of counsel seeks only to "ensure
that criminal defendants receive a fair trial," and not to "improve
the quality of legal representation." Id. at 689.  The reviewing
court must "indulge a strong presumption that counsel's conduct
falls within the wide range of reasonable professional assistance."
Id.  In order to prevail, a petitioner "must overcome the
presumption that, under the circumstances, the challenged action

18

'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Accordingly, the reviewing court must grant a "heavy measure of deference to counsel's judgments," and, in doing so, may only evaluate such performance from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690-91; Kimmelman, 477 U.S. at 381. Additionally, a reviewing court generally should assess counsel's overall performance throughout the case, Kimmelman, 477 U.S. at 386, and avoid "Monday morning quarterbacking." Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991); see also Strickland, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .").

The second prong of the Strickland analysis presents an equally rigorous standard. To affirmatively prove prejudice, a petitioner must do more than merely demonstrate that his attorney's error had "some conceivable effect" on the outcome of the case. Strickland, 466 U.S. at 693. Rather, the petitioner must demonstrate "a reasonable probability[19] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. As with the first prong, the reviewing

---

[19]The Court notes that this standard is not so high as to require that a petitioner "show that counsel's deficient conduct more likely than not altered the outcome in the case." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

court must consider the totality of the evidence before it in conducting the prejudice inquiry.  Id. at 695.

Additionally, a reviewing court need not consider the two prongs of the Strickland analysis in sequential order.  Strickland, 466 U.S. at 697.  The court need not even address both prongs if the petitioner fails to make a sufficient showing on one.  Id. When evaluating an ineffective assistance of counsel claim, a court should first apply whichever prong more quickly disposes of the respective claim.  See id.

### 2.  Claim (a)

In claim (a), Roberts asserts that counsel was ineffective for not moving for appointment of a court reporter at his preliminary hearing in order to preserve the testimony of the robbery victim for later use at trial.  Federal Petition, at 6-9.  The specific preliminary hearing testimony he argues should have been preserved for impeachment was that the robber wore a "yellow hooded sweatshirt," and that the victim had not been shown a photo lineup, Federal Petition, at 7-8; at trial, in contrast, the victim stated that the robber wore a "red hooded sweatshirt with . . . a yellow-type of emblem," and that she had picked Roberts out of a photo lineup on October 26, 2001.  Transcript, Commonwealth v. Roberts, No. CR02F00117-001, at 58-59, 63-64 (Va. Cir Ct. Apr. 29, 2002) ("Transcript").  In considering this claim, the Circuit Court held that there was neither "deficient performance of . . . counsel" nor

"prejudice of a constitutional magnitude," because Roberts "had no constitutional right to a preliminary hearing,"[20] and "no right to have a court reporter at public expense for that proceeding." Roberts v. Director, No. CL-04HC-250, slip op. at 2 (Va. Cir. Ct. July 1, 2004) ("Roberts I").

Roberts has failed to show that the Circuit Court misapplied Strickland; the support for this claim in his petition amounts to the prohibited "Monday morning quarterbacking" by stating grounds on which his counsel could have impeached the robbery victim if a transcript was available.  See Stamper, 944 F.2d at 178.  Further, the record reflects that defense counsel questioned the victim at trial about her potentially inconsistent previous testimony, including what the robber wore ("yellow hooded sweatshirt") and what words the robber said that gave the victim the impression the robber had a gun.  Transcript, at 69-71.  Regarding the alleged preliminary hearing testimony that the victim had not made an identification of the robber using photos, Roberts has failed to show that the alleged statement was made after the date on which the photo identification took place; in any event, counsel's failure to question the victim, especially in light of the signed photo array that was entered into evidence, certainly does not fall outside the "wide range of reasonable professional assistance."

---

[20]It appears that in making this statement, the Circuit Court relied on the fact that Roberts had also been formally indicted.

See Strickland, 466 U.S. at 689.

In addition to relying on Strickland, Roberts points to Neil v. Biggers, 409 U.S. 188 (1973), as support for this claim.  The Court finds that Neil is a case about suspect identification, and has no application to Roberts' claim that his counsel should have requested a court reporter for his preliminary hearing.  Further, the guidance Roberts cites from Neil regarding suspect identification pertains to the issue of evaluating whether a "suggestive" out-of-court identification violated the defendant's due process right, Neil, at 199-200.  Unlike the "suggestive" identification in Neil, in which the victim identified the suspect from a one-person "show-up," Neil, at 195-96, Roberts was identified by the victim from a six-person photo array, Commonwealth's Exhibit #1.  Roberts has not claimed that this identification was "suggestive," and, in his petition, the reference to Neil was followed by a summary of the trial testimony in an apparent effort to demonstrate the limited amount of time in which the victim was able to view the robber. Federal Habeas, at 8-9.  Because this information was presented at trial, the jury was able to consider it in evaluating the credibility of the victim's out-of-court identification.

Based on the foregoing this Court FINDS that Roberts has failed to show either that the Circuit Court unreasonably determined the facts or unreasonably applied federal law in

dismissing claim (a).  As such, this Court RECOMMENDS that claim (a) be denied.

### 3.  Claim (b)

In claim (b), Roberts asserts that counsel was ineffective for failing to present certain evidence, specifically, a partial fingerprint, the clothes Roberts was wearing when he was arrested, and Roberts' taped statement to police, at trial.  Federal Petition, at 10-11.  The Circuit Court considered the introduction of Roberts' clothes as one of trial strategy because of "the risk that the victim would positively identify the clothing." Roberts I, at 2.  The Circuit Court found that the unidentified partial fingerprint on the door through which the robber exited "was not exculpatory." Id.  Further, the Circuit Court determined that hearsay evidentiary limitations under state law would have prevented Roberts from introducing the tape of his own statement. Id.  Consequently, the Circuit Court determined that "[c]ounsel's performance . . . was not deficient, nor ha[d] [Roberts] shown actual prejudice." Id.

Roberts has failed to show that the Circuit Court misapplied Strickland, and has provided no other federal law in support of this claim.  See Federal Petition, at 10-12.  Roberts asserts that the introduction of the fingerprint on the exit door, combined with testimony that no one had exited the door after the robber, would have "le[ft] room for reasonable doubt." Id. at 11.  This Court

finds Roberts' assertion is insufficient to show that the Circuit Court's determination to the contrary was unreasonable; further, the record reflects that defense counsel did address the lack of forensic evidence tying Roberts to the scene, along with the risk of relying on witness identifications in the absence of other evidence, in closing argument.  Transcript, at 143.

Roberts has provided no federal law requiring introduction of his taped interview by counsel to overturn the Circuit Court's reliance on state law to characterize such evidence as inadmissible.  See Federal Petition, at 11.  In the absence of contrary federal law, counsel's compliance with state evidentiary principles clearly falls within the "wide range of reasonable professional assistance."  See Strickland, 466 U.S. at 689.

Finally, Roberts has made no showing that the Circuit Court misapplied Strickland as to the clothes he was wearing when he was taken into police custody the day after the robbery.  See Federal Petition, at 11.  As he did in his state petition, Roberts asserts that he needed to introduce the clothes as evidence because of the inconsistency between the victim's identification of a "yellow emblem" on the sweatshirt versus the sweatshirt with no emblem Roberts was purportedly wearing when arrested.  Id.  Roberts was able to testify at trial that he wore a red sweatshirt with no emblem on October 12, 2001 (the date the robbery took place), Transcript, at 110, but has provided no evidence to discount the

24

equally plausible possibility that he could have changed clothes between the time of the robbery and when he was taken into police custody the following day (October 13, 2001).

Based on the foregoing this Court FINDS that Roberts has failed to show either that the Circuit Court unreasonably determined the facts or unreasonably applied federal law in dismissing claim (b). As such, this Court RECOMMENDS that claim (b) be denied.

### 4. Claim (c)

In claim (c), Roberts asserts that counsel was ineffective for failing to object to Detective Foster's testimony regarding Roberts' statement about having committed other robberies because the statement was made prior to Detective Foster giving Roberts his Miranda[21] rights advisement. Federal Petition, at 12-13. The Circuit Court determined that "the statement was made after [Roberts]'s taped interview had ended and thus after Miranda [sic] warnings had been given." Roberts I, at 3 (emphasis added). This Court does not find evidence in the transcript to support a finding that a taped interview occurred between the time Detective Foster advised Roberts of his rights and when Roberts made the statement at issue in the instant petition; in fact, Detective Foster indicated that the interview was not "taped" or "recorded."

---

[21]Miranda v. Arizona, 384 U.S. 436 (1966) (holding that police officers must advise suspects of certain rights, including self-incrimination and counsel, before conducting custodial interviews).

Transcript, at 86.  As a result, this Court concludes that this claim was not squarely addressed by the state court.  Therefore, this Court must conduct its own de novo review of the controlling facts and applicable law on this issue.  See Weeks v. Angelone, 176 F.3d 249, 258 (4th Cir. 1999) (where a claim properly presented to a state court was not adjudicated on the merits, the standard of review is de novo review of questions of law and mixed questions of law and fact, instead of the deferential review prescribed in § 2254(d)); Coleman v. Johnson, No. 2:04cv724, 2005 U.S. Dist. LEXIS 33709, at *30 (E.D. Va. Sept. 6, 2005).

In performing this _de novo_ review, however, this Court agrees with the Circuit Court's ultimate result that Roberts' statements, included in Detective Foster's testimony, had been preceded by the _Miranda_ rights advisement and by Roberts signing an acknowledgment of his rights.   See _Roberts I_, at 3; Transcript, at 82-83; Commonwealth's Exhibit #7 (Rights Advisement Form).  In support of claim (c), Roberts asserts that Detective Foster admitted that Roberts had confessed "before having the interview," and, therefore, that must have been before Roberts was advised of his rights.  Federal Petition, at 12.  Roberts cites a page of the transcript where this admission allegedly occurred and where Roberts asserts his counsel should have objected and sought suppression of Roberts' prior statement.  _Id._ (citing Transcript, at 84).  Detective Foster's testimony up to that point, in response

26

to the Commonwealth's Attorney's questioning, had been that he interviewed Roberts on October 13, 2001, at approximately 8:00 p.m., "[a]nd prior to any questioning [at that time]," Detective Foster advised Roberts of his <u>Miranda</u> rights and had him sign a "Rights Waiver Form" (PD-75).[22]  Transcript, at 82-83.  Detective Foster's testimony on the Transcript page cited by Roberts addresses the statements Roberts made after that <u>Miranda</u> advisement.  Transcript, at 84.  The Court finds no testimony on that page or elsewhere in the transcript to support Roberts' claim that Detective Foster admitted questioning Roberts prior to the rights advisement, and consequently, the Court finds that there were no grounds to suppress Detective Foster's testimony. Additionally, Roberts has provided no additional evidence, such as dates of prior contact with Detective Foster, that he made any statement before his <u>Miranda</u> warning.  <u>See</u> Federal Petition, at 12-13.  Because the Court has determined there was no <u>Miranda</u>

---

[22]The Court notes that after this question, the Commonwealth's Attorney asked Detective Foster, "What statements did Mr. Roberts make to you about his activities previous to October 13th when you interviewed him?"  Transcript, at 84.  Apparently Roberts construed this arguably ambiguous question to imply that some time prior to October 13, 2001, Roberts made statements to the police without first having been given a <u>Miranda</u> warning.  <u>See</u> Federal Petition, at 12.  On the other hand, it appears Detective Foster understood the question to refer to Roberts' statements made on October 13, 2001, after having been given a <u>Miranda</u> warning.  <u>See</u> Transcript, at 84.  Because defense counsel knew Roberts had not spoken with Detective Foster until October 13, 2001, which was corroborated by Detective Foster's previous testimony, it was not unreasonable for defense counsel not to object.

violation on which defense counsel could reasonably lodge an objection, Roberts has failed to satisfy the performance prong of Strickland.   The Court declines to consider the prejudice prong.

Based on the foregoing this Court FINDS that Roberts has failed to show a violation of any constitutional right.   As such, this Court RECOMMENDS that claim (c) be denied.

### 5.  Claim (d)

In claim (d), Roberts asserts that counsel was ineffective for failing to preserve a sufficiency-of-the-evidence claim for appeal, either as part of his "original motion to strike" or as a "renewed motion after" the defense's case.  Federal Petition, at 15.  In his state habeas petition, Roberts asserted that to preserve the issue for appeal, defense counsel needed to "move the trial court to set aside the verdict as being contradictory to law and/or object to the verdict."   In considering that petition, the Circuit Court determined that "[t]he specific objection petitioner alleges his attorney should have made would have been inadequate to preserve any question for appellate review."[23]   Roberts I, at 3 (citing Va.

_____

[23]The Court notes that this ruling appears inconsistent with the Court of Appeals' prior decision on the underlying issue of sufficiency of the evidence that Roberts presented on direct appeal, in which that court stated:   "In a jury trial, the defendant must make a motion to strike at the conclusion of all the evidence, or make a motion to set aside the verdict, in order to preserve the question of the sufficiency of the evidence." Roberts v. Commonwealth, No. 2150-02-2, slip op. at 2 (Va. Ct. App. July 23, 2002) (citing McQuinn v. Commonwealth, 20 Va. App. 753, 757 (1995) (en banc)); McGee v. Commonwealth, 4 Va. App. 317, 321 (1987) (emphasis added).  These cases make clear that the provision

Sup. Ct. R. 5A:18).  Further, the Circuit Court found that "there was [no apparent] basis for counsel to believe that the evidence was legally sufficient [sic] if the Commonwealth's witnesses were believed."  Id.  In other words, it appears that the Circuit Court dismissed this claim on two grounds: (1) Roberts did not identify the proper method for counsel to preserve a sufficiency-of-the-evidence claim for appeal, and (2) Roberts had no basis for an appeal on that issue.

Regarding the preservation issue, Roberts has cited Virginia case law, Ohree v. Commonwealth, 26 Va. App. 299, 308 (1988), confirming that, in accordance with Va. Sup. Ct. R. 5A:18 (the rule cited by the Circuit Court in dismissing this claim), the Court of Appeals of Virginia will not hear a claim on appeal that was not properly preserved at trial.  Federal Petition, at 15.  This case does not apply any federal law in addressing this issue, and Roberts has provided no additional federal law on the issue.  See id.  Although Roberts has characterized in different ways how he believes counsel could have preserved the issue for appeal (e.g.,

---

in Va. Sup. Ct. R. 5A:18 that: "A mere statement that the judgment . . . is contrary to the . . . evidence is not sufficient to constitute a question to be ruled upon on appeal," means that such a motion must include justification, and the motion must be renewed if additional evidence is provided in response to the motion. McQuinn, 20 Va. at 757; McGee, 4 Va. App. at 321.  However, even assuming the Circuit Court misapplied Virginia law in dismissing Roberts' claim, this reasoning did not contravene any federal law, and so the misapplication of state law would not be a basis for the award of a federal writ of habeas corpus.  See 28 U.S.C. 2254(d).

motion to strike versus motion to set aside the verdict), he has provided no federal law requiring counsel to make any such motion. <u>See id.</u>

In contrast, Roberts does refer to federal law in his attempt to address the Circuit Court's second basis for dismissal, whether the evidence was insufficient.  Federal Petition, at 15.  He bases this claim on the alleged <u>Miranda</u> violation underlying claim (c), <u>supra</u>.  <u>Id.</u>  As in claim (c), Roberts asserts that his confession to other robberies in the Richmond area that was introduced at trial was made prior to his being given his <u>Miranda</u> rights advisement.  <u>Id.</u>  Because the Court finds, <u>supra</u>, that there was no factual support for this claim, Roberts' reliance on it for his assertion that the evidence used against him was insufficient to support the verdict, is misplaced.

Based on the foregoing this Court FINDS that Roberts has failed to show either that the Circuit Court unreasonably determined the facts or unreasonably applied federal law for either of the two (2) grounds it used to dismiss claim (d).  As such, this Court RECOMMENDS that claim (d) be denied.

## IV. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court, having denied Roberts' request for an evidentiary hearing, recommends that Roberts' petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Roberts' claims be

DISMISSED WITH PREJUDICE.

Roberts has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

## V. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. <u>See</u> Fed. R. Civ. P. 72(b).

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/

F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia

July 6, 2006

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Victor Roberts, #313291
Augusta Correctional Center
1821 Estaline Valley Road
Craigsville, Virginia 24430
PRO SE

Steven A. Witmer, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219


Fernando Galindo,
Acting Clerk of Court


By: _____
    Deputy Clerk

    July   , 2006

33