```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       Norfolk Division
```

VICTOR ROBERTS, #313291,

      Petitioner,

v.                                         ACTION NO. 2:05cv331

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

      Respondent.

<u>FINAL ORDER</u>

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The petition alleges violation of federal rights pertaining to Petitioner's conviction on April 29, 2002, in the Circuit Court for the County of Chesterfield, Virginia, for one (1) count of robbery, as a result of which he was sentenced to serve ten (10) years in prison.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation.  The report of the magistrate judge was filed on July 6, 2006, denying Petitioner's motion for an evidentiary hearing and recommending dismissal of the petition.  By copy of the report, each party was

advised of his right to file written objections to the findings and recommendations made by the magistrate judge.

On July 13, 2006, the Court received Respondent's Objection to the Magistrate's [sic] Report, Respondent's [Fed.] R[.] Civ. P. 59(e) Motion ("Rule 59(e) Motion"), and Memorandum in Support of Respondent's Rule 59(e)[1] Motion and Objection to the Magistrate's [sic] Report and Recommendation.[2] Respondent's Rule 59(e)

---

[1] "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e) (emphasis added).

[2] Respondent asserts that the Magistrate Judge's Report and Recommendation ("Magistrate's Report") is in error as a "matter of law," because the report concluded that Robert's claims (a) through (d) could be considered on the merits because they were "fairly presented" to the Supreme Court of Virginia. Memorandum in Support of Respondent's Rule 59(e) Motion and Objection to the Magistrate's Report and Recommendation, at 2 (collectively, "Respondent's Objection"). Accordingly, Respondent seeks to have this Court deny claims (a) through (d) as "procedurally barred from review by the Virginia Supreme Court's [sic] application of [Va. Sup. Ct.] R[]. 5:17." Id. at 3.
The Court first reviews the relevant procedural history. As stated in the Magistrate's Report, Roberts timely filed his state habeas petition with the Circuit Court for the County of Chesterfield, Virginia. Magistrate's Report, at 3. This petition contained claims (a) through (d) of the instant petition, and was denied on the merits. Id. at 3 & n.8. Roberts then attempted to appeal this denial to the Supreme Court of Virginia, but because he failed to properly assign error as required by Va. Sup. Ct. R. 5:17, the appeal was denied on this procedural ground. Id. at 4. Roberts then filed a petition for rehearing with the Supreme Court of Virginia; within this petition, Roberts stated claims (a) through (d) of the instant petition. Id. at 4 & n.10. The Supreme Court of Virginia summarily denied the rehearing petition. Id. at 5-6. The Court notes that the initial state petition, appeal, and petition for rehearing included various additional claims, which are not relevant to the Court's consideration of the claims as stated in the instant federal petition.
The Court now considers Respondent's objection that Roberts'

---

state pleadings were insufficient to qualify claims (a) through (d) as "fairly presented" to the Supreme Court of Virginia. As support for this assertion, Respondent cites <u>Hedrick v. True</u>, 443 F.3d 342 (4th Cir. 2006), for the proposition that presentation of a claim in a rehearing petition to the Supreme Court of Virginia does not qualify as "fairly present[ing]" those claims, and thus should preclude review of those claims on the merits. <u>Hedrick</u>, 443 F.3d at 365 n.1. The quote from this footnote in Respondent's memorandum further references two Seventh Circuit cases, <u>Lewis v. Sternes</u>, 390 F.3d 1019, 1031 (7th Cir. 2004) and <u>Cruz v. Warden</u>, 907 F.2d 665, 669 (7th Cir. 1990).

These cases should be considered in the context of prior case law, which developed the exhaustion doctrine and established the meaning of "fairly presenting" a claim to the state's highest court. In <u>Castille v. Peoples</u>, 489 U.S. 346 (1989), the United State Supreme Court determined that a claim raised for the first time on discretionary appeal does not qualify as having been "fairly presented," but that a claim presented to the trial court (even if not specifically addressed by that court), or a claim presented on direct review, would qualify as "fairly presented." <u>Castille</u>, 489 U.S. at 351. Then, in <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999), the United States Supreme Court clarified that "fairly presenting" a claim still requires using the state's discretionary appeal process, if necessary, to raise those claims to the highest state court, <u>O'Sullivan</u>, 526 U.S. at 845; this decision did not disturb the result in <u>Castille</u> that raising a claim for the first time on discretionary appeal is not sufficient to "fairly present" the claim to that court. <u>See</u> <u>Castille</u>, 489 U.S. at 351. In <u>Baker v. Corcoran</u>, 220 F.3d 276 (4th Cir. 2000), the Fourth Circuit held that the requirement to "fairly present" a claim to the state's highest court could be satisfied through a "motion to reopen . . . a postconviction proceeding," because such a motion was "the statutorily prescribed mechanism for doing so." <u>Baker</u>, 220 F.3d at 291. Similarly, in <u>Orbe v. True</u>, 233 F. Supp. 749 (E.D. Va. 2002), this Court relied on each of these cases, <u>Castille</u>, <u>O'Sullivan</u>, and <u>Baker</u>, to hold that the test for whether a state court is legally barred from considering the merits of a claim must focus on whether the claim was presented according to a "statutorily prescribed mechanism," defined to include the "established appellate review process," and not by relying on "extraordinary remedies." <u>Orbe</u>, 233 F. Supp. at 762 (internal quotations omitted).

The two (2) Seventh Circuit cases cited in <u>Hedrick</u> and in support of Respondent's Objection simply applied this existing case law. <u>See</u> <u>Lewis</u>, 390 F.3d at 1031; <u>Cruz</u>, 907 F.2d at 669. In <u>Lewis</u>, the defendant essentially filed two (2) state habeas

3

---

petitions, which were both dismissed. Lewis, 390 F.3d at 1022-23. The defendant appealed both dismissals, but addressed claims from the first petition in the appeal that he filed for the second petition, without raising them in the appeal of the first petition; these claims were not even referenced by the state court in denying the appeals. Id. at 1023. Accordingly, the Seventh Circuit, relying on Castille, held that when these claims were included in the defendant's federal habeas petition, they did not qualify as "fairly presented" to the state court; that court held that because those claims were not included in the underlying petition of the appeal in which they were presented, the claims were presented for the "first time" in discretionary review. Id. at 1031.

Similarly, in Cruz, the defendant filed a petition for rehearing with the Illinois Supreme Court, adding a claim of ineffective assistance of counsel, which had not been presented in the defendant's state petition for post-conviction relief or in her direct appeal. Cruz, 907 F.2d at 669. Relying on Castille, the Seventh Circuit denied the claim because "[s]ubmitting a new claim to a state's highest court on discretionary review does not constitute a fair presentation." Id.

Moving now to Hedrick, the Court first notes that this was a capital case, for which the Supreme Court of Virginia had "exclusive jurisdiction" to consider the defendant's habeas petition. Hedrick, 443 F.3d at 346, 364. While the defendant's petition was pending with the Supreme Court of Virginia, the United States Supreme Court issued its decision in Atkins v. Virginia, 536 U.S. 304 (2002) (holding that the Eighth Amendment prohibits execution of the mentally retarded). Hedrick, 443 F.3d at 363. After the defendant's petition was denied, the defendant filed a ten (10) page petition for rehearing, which, on the last page, "suggested" a claim based on Atkins that had not been raised in the original petition. Id. The Fourth Circuit's decision was based on circumstances only applicable to defendants who submit habeas petitions directly to the state's highest court: if the defendant had sought to amend his petition to add this claim, before the petition was dismissed, court rules would have encouraged the state court to allow the amendment, and the claim would have been considered as directly presented on habeas. See id. at 364. Because the defendant waited, however, until the petition was dismissed to present the claim through the "discretionary" rehearing petition, this caused the "new claim" to be raised for the "first time" on discretionary review, a clear violation of Castille as the Fourth Circuit held. See id.

In the instant case, Respondent seeks to apply Hedrick, to assert that any claim presented in a rehearing petition is not "fairly presented" to the highest state court. Respondent's

4

Motion is not properly before this Court. Because a Magistrate Judge can only enter a "judgment" upon the consent of both parties, 28 U.S.C. § 636(c); see also Rule 10 Governing Section 2254 Cases in the United States District Courts, and neither party provided said consent, the Magistrate Judge's findings of fact and conclusions of law are "proposed" subject to de novo determination by the undersigned District Judge. 28 U.S.C. § 636(b)(1)(C); see also Rule 8 Governing Section 2254 Cases in the United States District Courts. Accordingly, Respondent's Rule 59(e) Motion is premature and untimely. Because Respondent has provided a single Memorandum in support of both his Rule 59(e) Motion and Objection, however, the Court will construe the entire contents of that memorandum as

---

Objection, at 2-3. The Court notes, however, that unlike the claim at issue in Hedrick, Roberts' claims (a) through (d) in the instant petition were not presented for the "first time" in his rehearing petition. See Magistrate's Report, at 3-4. Roberts' state habeas petition, filed with the Circuit Court for the County of Chesterfield, which included the instant claims (a) through (d), was denied on the merits. Magistrate's Report, at 3-4. When Roberts' appeal of this denial was also denied, but on procedural grounds, Roberts availed himself of the "mechanism in place" to have those claims reconsidered by the Supreme Court of Virginia. Id. at 3-5; Baker, 220 F.3d at 291. Because this Court finds that a petition for rehearing is provided for by the state court rule, Va. Sup. Ct. R. 5:20, which allows for consideration of such petitions as a matter of course so long as they are filed within fourteen (14) days of receipt of the notice of denial of appeal, this Court finds that such petitions are part of the "established appellate review process," and qualify as a "fair[] present[ation]" of the included claims to the Supreme Court of Virginia. Accordingly, because Roberts did not violate Castille or Hedrick, by presenting claims (a) through (d) for the first time in his rehearing petition, this Court FINDS that the Magistrate Judge properly determined those claims were exhausted for federal review on the merits, and declines to depart from the findings of the Magistrate's Report.

support for Respondent's Objection, see DuPree v. Padula, C.A. No. 3:05-667-CMC-JRM, 2006 U.S. Dist. LEXIS 17411, at *2 (D.S.C. Mar. 27, 2006), which is properly before this Court.

On July 14, 2006, Petitioner filed a Motion for Extension of Time, which was granted by the Court's Order of July 19, 2006. That Order granted Petitioner an extension up to and including August 15, 2006, to file objections to the Magistrate Judge's Report and Recommendation.

On July 20, 2006, the Court received Petitioner's Objections to United States Magistrate Judge's Report and Recommendation ("Roberts' Objections") and Petitioner's Objection [sic] to Magistrate's [sic] Report.[3] On July 21, 2006, the Court received

---

[3]The majority of Roberts' objections appear to restate the claims presented in his habeas petition, which were addressed in the Magistrate's Report; however, Roberts has added some additional assertions and supporting documentation that this Court will address. In the instant petition, Roberts did not provide the date of his preliminary hearing, which he now states was in February, 2002. Roberts' Objections, at 2. Roberts continues to assert that his identification by the victim using the photo array took place after that hearing, and consequently, was "tainted" by the victim's having "viewed" Roberts at the preliminary hearing. Id. Because the photo array indicates that the identification took place on October 26, 2001, which necessarily was prior to the preliminary hearing, that identification could not have been "tainted" by the later hearing as Roberts alleges.
Roberts further asserts that within the photo array, he was the only person wearing a "red hooded sweatshirt," making the identification "suggestive." Id. at 10. The Court has reviewed the photo array, which consists of black-and-white photos, and finds that not only does it appear that Roberts (Person #3) is wearing a crew-neck, light-colored T-shirt, but also "Person #1" in the array is wearing a dark, hooded sweatshirt, which could be red. Consequently, the Court finds no support for Roberts' assertion that the array was "clearly suggestive." See id. at 10.

Petitioner's Motion to Dismiss[4] and Petitioner's Response to Respondent's Objection to Magestriate's [sic] Report.[5]

---

[4]Finally, Roberts asserts that the Commonwealth did not comply with his Motion for Discovery by failing to provide the tape of his interview with Detective Foster, and by failing to disclose the photo array. Id. at 2, 3. There is no documentation in the record that Robert's interview was tape recorded, and the information in the reply to the Motion to Discovery is consistent with that presented at trial. See Magistrate's Report, at 25; Commonwealth's Response to Defendant's Motion for Discovery & Commonwealth's Request for Reciprocal Discovery, at 1 (collectively, "Commonwealth's Discovery Response"). Further, the reply to discovery and trial testimony both support the Magistrate Judge's conclusion that even if the tape existed, state evidentiary rules would have prevented the defense from offering it as evidence. See Magistrate's Report, at 24. Regarding the photo array, the Assistant Commonwealth's Attorney indicated that "[a]ny and all such physical evidence [was] being held by the Chesterfield Police Department," and provided contact information. Commonwealth's Discovery Response, at 2. Even assuming, arguendo, that Roberts' counsel did not use this contact information to obtain the photo array or that the police denied having the photo array, this would not impact the instant denial of Roberts' claims. Roberts' only claim involving the photo array relates to defense counsel's failure to request a court reporter for the preliminary hearing. See Magistrate's Report, at 6. Even if a transcript of that hearing indicated the victim denied viewing a photo array in her preliminary hearing testimony, this would not have prevented admission of the photo array at trial. Because the victim was impeached at trial on other grounds, the Court finds that impeachment on the photo array at trial would not have affected the outcome of the trial. The Court finds Roberts has presented no grounds for this Court to depart from the findings in the Magistrate's Report.

[4]The Court notes that through this pleading, Roberts seeks to have Respondent's Rule 59(e) Motion dismissed. The Court, therefore, construes this pleading as a response to that Motion, which, see supra, the Court has found to be not properly before this Court.

[5]The Court notes that on July 28, 2006, it received and filed Petitioner's Motion to Appoint Counsel. Petitioner's motion is DENIED.

The Court, having reviewed the record and examined the objections filed by Respondent and Petitioner to the Magistrate Judge's Report, and the responses thereto, having made _de novo_ findings with respect to the portions objected to, and having FOUND Respondent's Rule 59(e) Motion to be untimely and not properly before this Court, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on July 6, 2006, and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED WITH PREJUDICE and that judgment be entered in favor of Respondent.

Accordingly, the Court FINDS that the claims set forth in Grounds (a), (b) and (d) failed to show that the circuit court unreasonably determined the facts or unreasonably applied federal law in dismissing the claims; the claim set forth in Ground (c) failed to show a violation of any constitutional right; and the claim set forth in Ground (e) is procedurally barred before this Court.

Petitioner may appeal from the judgment entered pursuant to this _final order_ by filing a _written_ notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules

of Appellate Procedure, declines to issue a certificate of appealability.  See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for Respondent.

                                                /s/ Jerome B. Friedman
                                                    UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

August 15, 2006